**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CASE NO.:

**DELWIN MARRERO,**

    **Plaintiff,**

v.

**WALT DISNEY TRAVEL CO., INC.,**
**A Florida Profit Corporation,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff, DELWIN MARRERO ("Mr. Marrero" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Orange County, Florida.

4. Plaintiff worked for Defendant in Orange County, Florida, and the venue, therefore, for this case is the Orlando Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

**FACTUAL ALLEGATIONS**

7. Mr. Marrero worked as a Reservation Agent for Defendant from July 2014, until his termination on July 2, 2018.

8. Mr. Marrero suffers from the following health conditions: arthritis in his left knee, high blood pressure, type-2 diabetes, high cholesterol, gout, and sleep apnea, all of which are considered serious health conditions under the FMLA.

9. Based on the foregoing, Mr. Marrero regularly required leave time off to attend to these medical issues which included regular blood pressure tests and visits to the hospital during work hours, all of which he was able to do while adequately completing his job duties.

10. Unfortunately, in April 2018, Disney assigned Mr. Marrero a new Supervisor, Danny Fonseca ("Mr. Fonseca").

11. Upon his arrival, Mr. Fonseca relentlessly harassed and targeted Mr. Marrero by habitually writing him up for minor infractions due to his disdain for Mr. Marrero's medical issues and need to attend to same.

12. To that end, Mr. Marrero's working environment became abusive and disruptive to the point where he felt he was being forced out of his employment simply because of his need for time off to attend to his serious health conditions.

13. Mr. Marrero became so distraught with this treatment that he feared his health would suffer as a result.

14. Consequentially, Mr. Marrero asked Disney management if he could be transferred from Mr. Fonseca's supervision to avoid same; Defendant, however, denied this request.

15. In May 2018, as he feared, Mr. Marrero's serious health conditions worsened to the point where his doctors recommended that he undergo surgical intervention for same.

16. On May 31, 2018, Mr. Marrero requested and was approved for a thirty-one (31) day FMLA leave, through July 2, 2018.

17. Shockingly, on Monday, July 2, 2018, the day Mr. Marrero returned from his approved FMLA leave, Supervisor, David Camejo ("Mr. Camejo"), informed him that he was fired.

18. When Mr. Marrero asked for the reason for his firing, Mr. Camejo referenced Mr. Fonseca's frivolous write-ups as an explanation for Mr. Marrero's termination.

19. Essentially, Defendant's strategy was to concoct charges against Mr. Marrero and utilize disciplinary measures as a pretext to retaliate against and terminate Plaintiff for his serious health conditions and need to utilize his legally permitted FMLA benefits.

20. Such a retaliatory/unlawful termination is exactly the kind of adverse employment that the anti-retaliation provisions of FMLA were intended to prevent.

21. Based on the foregoing, Plaintiff was not returned to the same, or substantially similar/equivalent position upon what would have been his return from FMLA leave.

22. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

23. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

24. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for him for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

25. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

26. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

27. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of FMLA protected leave.

28. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23, and 25-28, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

32. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

33. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

38. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

39. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

40. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 5th day of September 2019.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

Email:
noah@floridaovertimelawyer.com
rich@floridaovertimelawyer.com